IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **MSM TRADING, INC., a Florida Corporation d/b/a CHARLIE'S MARKET** and **SYEDA GULZAR JAHAN**, an Individual, <br><br>Plaintiffs,<br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Defendant. | CASE NO. |

## COMPLAINT

The Plaintiffs, MSM TRADING, INC., a Florida Corporation d/b/a CHARLIE'S MARKET, and SYEDA GULZAR JAHAN, an Individual, by and through their undersigned counsel and hereby file this Complaint against the UNITED STATES OF AMERICA upon the grounds set forth herein, and in support thereof, states as follows:

### FACTUAL BACKGROUND

1. The Plaintiff owns and operates a retail store in Tampa, Florida, named MSM TRADING, INC., a Florida Corporation d/b/a CHARLIE'S MARKET (hereinafter referred to as "CHARLIE'S MARKET"). The store is comprised of a commercial storefront dedicated to retail sales of retail food market, focusing mostly on groceries to the Plaintiffs' customers.

2. Located in Florida's 14th Congressional District, CHARLIE'S MARKET serves a community where approximately 3,186,537 of the local residents receive Supplemental Nutrition Assistance Program benefits[1] ("SNAP"), formerly known as Food Stamps, which is overseen by the Food & Nutrition Service ("FNS") of the United States Department of Agriculture ("USDA").

---

[1] See USDA Publication of August 2019, Profile of SNAP Households: Florida Congressional District 14.

Of said local residents, approximately 52.00% are below the poverty level, 34.60% of said households are with one or more people 60 years of age and over, 47.70% of said households are with child(ren) under the age of 18 years, and 44.70% of said households are with disabled individual(s).

3. Accordingly, Charlie's Market completed an application to accept EBT payments (as many prior tenants of the building had) and requested to participate in the SNAP program in order to better serve its customer base.

4. On November 6, 2019, the USDA, through the FNS, sent the Plaintiffs a letter indicating that their authorization to participate as a retail food store in SNAP under license number was denied permanently.

5. In support of the USDA's position, the Department indicated that federal regulations at 7 C.F.R. §278.1(k)(4) and 278.1(o) requires FNS to deny the authorization of any firm that it determines providing false or misleading information about a substantive matter in its application for SNAP authorization. Based upon information in the record, FNS determined that the Plaintiffs intentionally falsified affidavits submitted as part of the SNAP authorization process and denied their application permanently for participation in SNAP.

6. In support of the decision to permanently deny the Plaintiffs' authorization, the Department cited that, "From the information provided by the store owner as part of the SNAP authorization process, it is clear to this review that the Appellant knowingly withheld from FNS critical eligibility information, specifically information regarding the ownership history of the firm. The submission of false information of a substantive nature that could affect the eligibility of the firm requires that the application be permanently denied in accordance with regulations at 7 CFR § 278.1(o), § 278.1(k)(4), and § 278.6(e)(1)(iii)."

7. The Plaintiffs vehemently defended against the allegations set forth in the Charging Letter, and timely filed a Request for Administrative Review as permitted by 7 C.F.R. §279, and presented arguments and evidence in support of their position. The Plaintiffs took issue not only with the process, but that the prior charges against the owner's husband, Mostak Bhuyan, resolved the issue of his business with accepting SNAP benefits at 5601 38th Avenue North, St. Petersburg, Florida 33701, and his attorney resolved that issue and immediately after, he was re-issued FNS certificate number 0026754.

8. Furthermore, the Plaintiffs acquired the professional services of a business broker to complete their SNAP application (in addition to other license applications that are common for new businesses). It was the business broker who completed the application, not the Plaintiffs, and as such disclosure of a matter which the Plaintiffs already believed to be resolved, and to which the Department was already materially aware, was not intentionally concealed.

9. Additionally, Plaintiff Jahan has been through other authorizations and approvals in the years since her Husband's SNAP matter without incident. The Department was and has been at all times pertinent hereto, aware of Mr. Bhuyan's old case.

10. The Administrative Review Branch of the FNS responded to the Plaintiffs' appeal in a letter and opinion entitled Final Agency Decision, dated February 26, 2020, and attached hereto as **Exhibit "A"**. The Plaintiffs' administrative appeal was denied.

11. This Judicial Appeal has been filed as a result thereof. The Plaintiffs seek the reversal of the USDA's finding to permanently deny the application of the Plaintiffs' application to participate as a SNAP retailer.

## JURISDICTION AND VENUE

12. The Plaintiffs bring this action based upon their disqualification from eligibility to participate in the Supplemental Nutrition Assistance Program, as codified by Congress in 7 U.S.C. §§ 2011 – 2036(c).

13. This Court has subject matter jurisdiction over the matters raised by the Plaintiffs in this case pursuant to 7 U.S.C. §2023, and 7 C.F.R. §279.7.  Furthermore, 28 U.S.C. §1331 gives this Court original jurisdiction over civil actions arising under the laws of the United States, for which the aforementioned statute and regulation qualify.

14. Venue is appropriate in this District pursuant to 7 C.F.R.§279.7(a), 7 U.S.C. §2023(13) and 28 U.S.C. §1391(b) as this Plaintiffs' business was owned and operated in Tampa, Hillsborough County, Florida, and because the facts giving rise to the circumstances herein occurred in the Middle District of Florida.

## PARTIES

15. The Plaintiff, MSM TRADING, INC., a Florida Corporation d/b/a CHARLIE'S MARKET, operates at 2815 E. Sligh Avenue, Tampa, Florida 33610-1343.  CHARLIE'S MARKET is referred to herein as "CHARLIE'S MARKET" and referred to herein collectively with the other Plaintiffs as "Plaintiffs".

16. SYEDA GULZAR JAHAN, an Individual, is a natural person and resident of Florida and is a registered owner of MSM TRADING, INC., a Florida Corporation d/b/a CHARLIE'S MARKET.   SYEDA GULZAR JAHAN is referred to herein collectively with the other Plaintiffs as "Plaintiffs" or "Plaintiff Jahan".

17. The Defendant, the UNITED STATES OF AMERICA, acting through its agency, the United States Department of Agriculture (hereinafter referred to as the "USDA" or

"Department"), and its subservice, the Food and Nutrition Service (hereinafter referred to as "FNS").

## GENERAL ALLEGATIONS

18. The Supplemental Nutrition Assistance Program (SNAP) is a government program operated pursuant to Title 7 United States Code, Chapter 51, and codified more specifically as 7 U.S.C. §§2011-2036(c).

19. The general purpose of SNAP is to provide food benefits (formerly "food stamps") to program participants who meet certain financial need requirements. SNAP participants are awarded benefits (money) issued on a state-by-state basis in varying amounts based upon the needs of their household. These benefits are transmitted to, and utilized by the participant, through an Electronic Benefits Transfer (EBT) card, which conceptually functions similar to a debit card.

20. The benefits are to be used by the participant only for the purchase of food and other eligible items sold by approved SNAP retailers, such as CHARLIE'S MARKET.

21. In turn, the Department receives its authorization and authority pursuant to Congress' action as outlined in 7 U.S.C. §2018, with respect to the authorization and/or denial of retailers.

22. In this instance, the Department has based its decision to deny the Appellants' application based upon the firm knowingly submitted an application containing false or misleading information.

23. The implementing regulations of 7 U.S.C. §2018 are set forth in 7 C.F.R. §278.1(k), which states, in pertinent part:

> "FNS shall deny the authorization of any firm if it determines that:
>
> (4) The firm has filed an application that contains false or misleading information about a substantive matter, as specified in § 278.6(e). Such firms

> shall be denied authorization per the periods specified in § 278.6(e)(1) or § 278.6(e)(3)."

7 C.F.R. § 278.6(e) states, in relevant part:

> FNS shall take action as follows against any firm determined to have violated the Act or regulations. . . .The FNS regional office shall:
>
> (1) Disqualify a firm permanently if:
>
> (iii) It is determined that personnel of the firm knowingly submitted information on the application that contains false information of a substantive nature that could affect the eligibility of the firm for authorization in the program, such as, but not limited to, information related to:
>
> (F)   Ownership of the firm. . .
> (H)   SNAP history, business practices, business ethics. . .when the store did (or will) open for business under the current ownership. . .or
> (I)   Any other information of a substantive nature that could affect the eligibility of a firm."

24.   Pursuant to 7 C.F.R. § 278.1(o), § 278,1(k)(4), and § 278.6(e)(l)(iii) FNS shall deny the application of any firm permanently if it determines that "The submission of false information of a substantive nature that could affect the eligibility of the firm. . .".

25.   In this matter, the Plaintiffs' Husband's qualification or lack thereof for new SNAP licensing has zero bearing on the Plaintiffs' qualifications.  One need look no further than the fact that the Plaintiff has been authorized as a SNAP retailer several times by the Government *after* her Husband's SNAP cases.

26.   So, if his standing with respect to the Program is not a barrier to her qualification, it is impossible to see how this information could impact the actual eligibility of the firm to participate in the program.

27.   Nevertheless, the Plaintiffs have been permanently denied their authorization to participate as a SNAP authorized retailer, resulting in damage to the Plaintiffs.

## PLAINTIFFS' ALLEGATIONS

28. The Plaintiffs do not have access to the Administrative Record. At no point in this process have the Plaintiffs been given access to any records (aside from the Letter, issuance of the permanent denial of their authorization to participate as a SNAP authorized retailer, and Final Agency Decision) relied upon by the Department in its analysis.

29. Furthermore, there have been no decisions made by Administrative Law Judges, Department Attorneys or other legal-trained individuals who could adequately weigh the evidence before the Department during the administrative process to date.

30. The Plaintiffs did not, at any time, materially misrepresent, falsify, or make any inaccurate statements on the SNAP application for Charlie's Market.

31. The resolution of the matter at issue between the Plaintiffs' Husband, who is not an applicant in this matter, and the USDA was believed to have been resolved through a case that occurred a decade ago.

32. There is no publicly listed information that Plaintiff Jahan could review to determine her husband's eligibility, and based upon the fact that Mr. Bhuyan continues to be an authorized SNAP retail license holder, it is difficult to imagine how Plaintiff Jahan could otherwise have been on notice.

33. Furthermore, and aside from the fact that Plaintiff Jahan was not the individual who completed the application, the information pertaining Mr. Bhuyan was already something that the USDA was aware of, having both participated in Mr. Bhuyan's original case, and otherwise having a proprietary database with such information at their fingertips.

34. Finally, Mr. Bhuyan's eligibility is immaterial to the Plaintiffs' SNAP license application, as is evidenced by the Plaintiffs' prior authorizations, and upon grounds that Mr. Bhuyan is not a part of the pending application.

### COUNT I: REQUEST FOR JUDICIAL REVIEW

35. The Plaintiffs incorporate and restate each and every paragraph set forth above as though fully set forth herein.

36. The Plaintiffs, pursuant to 7 U.S.C. §2023 and 7 C.F.R. §279.7 have the right to, and hereby do request a *de novo* judicial review of the application denial of by the Defendant.

37. The Plaintiffs maintain that should not be permanently denied participation in the SNAP program as an authorized retailer, as they do not meet any of the other criterion necessary to the issuance of the denial, and ask that the Court conduct a trial on the merits of the matter, permitting the parties to present testimony and submit evidence in support of their positions.

38. The Defendant's decision was both invalid and inaccurate for those reasons set forth above, as well as such further reasons as may be uncovered during the discovery phase of this matter.

39. Furthermore, the Defendant's decision was arbitrary and capricious as the decision was rendered with heavy reliance upon insufficient and uncorroborated evidence. The standards to which the Plaintiffs have been held throughout the administrative periods of these proceedings far exceeded the "preponderance of the evidence" standards which apply.

40. Furthermore, the initial burden of proof in the administrative proceedings was improperly shifted from the Department to the Plaintiffs, with every evidentiary uncertainty being resolved in favor of the Defendant.

41. Accordingly, the finding of permanent denial of participation in the SNAP program as an authorized retailer should be reversed.

42. Furthermore, to the extent that the Plaintiffs incur attorneys' fees and court costs in conjunction with this Judicial Appeal, the Defendant should be made to pay such fees and costs.

**WHEREFORE**, the Plaintiffs, MSM TRADING, INC., a Florida Corporation d/b/a CHARLIE'S MARKET, and SYEDA GULZAR JAHAN, an Individual, respectfully ask this Court to conduct a *de novo* review of this matter, conduct a trial upon the merits of the Plaintiffs' case, and enter Judgment reversing the permanent denial of participation in the SNAP program as an authorized retailer, as well as awarding the Plaintiffs any attorney's fees and court costs they may incur in this matter.

Dated: March 26, 2020                                           Respectfully submitted,

                                                                           **METROPOLITAN LAW GROUP, PLLC**

                                                                           *Andrew Z. Tapp*

                                                                           **ANDREW Z. TAPP, ESQ.**
                                                                           Florida Bar No.: 68002
                                                                           1971 W. Lumsden Road, #326
                                                                           Brandon, Florida 33511-8820
                                                                           (813) 228-0658
                                                                           Andrew@Metropolitan.Legal
                                                                           LaJeana@Metropolitan.Legal

                                                                           **COUNSEL FOR PLAINTIFFS**